PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4593

_____

SADE N. THOMAS,
a/k/a Sade N. Keyton

v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION

Sade N. Thomas,
                                        Appellant


_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 2-07-cv-04779
(Honorable Stanley R. Chesler)

_____

Argued April 20, 2010

Before:  SCIRICA and AMBRO, *Circuit Judges*,
and JONES[*], *District Judge*.

(Filed: November 18, 2010)

RANDI S. MANDELBAUM, ESQUIRE (ARGUED)
JON C. DUBIN, ESQUIRE
Rutgers School of Law - Newark
Child Advocacy Center
123 Washington Street
Newark, New Jersey 07102
        Attorneys for Appellant

KARLA J. GWINN, ESQUIRE (ARGUED)
SUZANNE M. HAYNES, ESQUIRE
Social Security Administration
Office of General Counsel - Region II
26 Federal Plaza, Room 3904
New York, New York 10278
        Attorneys for Appellee

---

[*] The Honorable John E. Jones, III, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

---

OPINION OF THE COURT

---

JONES, *District Judge*.

Sade N. Thomas ("Thomas" or "Appellant") appeals the District Court's order of September 17, 2008 partially remanding the final decision of appellee, Commissioner of Social Security ("Commissioner"), denying her claim for disability benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433. The District Court exercised jurisdiction under 42 U.S.C. § 405(g), and this Court has jurisdiction over Thomas' appeal pursuant to 28 U.S.C. § 1291.[1]

---

[1] On November 21, 2008, the Clerk issued an Order requiring the parties to submit briefing on the issue of whether the District Court's September 17, 2008 order was final within the meaning of 28 U.S.C. § 1291 and thus appealable. After a review of the parties' submissions and the District Court's clarifying order of March 20, 2009, we conclude that the District Court's order was appealable because it is what is termed a "sentence four" remand order under 42 U.S.C. § 405(g). Sentence four of § 405(g) authorizes a court to enter judgment affirming, modifying or reversing the Commissioner's decision with or without remanding the cause for rehearing. This becomes the final judgment of the court and terminates the civil action,

3

For the reasons set forth below, we vacate the District Court's order and remand the matter to the District Court for further proceedings consistent with this opinion.

I.

On December 18, 2003, Thomas, through her paternal grandmother and legal guardian Anna Keyton, applied for Supplemental Security Income ("SSI"), pursuant to Title XVI of the Act. Thomas suffers from epilepsy and a variety of other health issues, including gastritis, headaches, hypoglycemia, anemia, allergies, and eczema. Her application was denied initially and upon reconsideration. Thereafter, at Thomas' request, a hearing was held by an Administrative Law Judge ("ALJ") on November 2, 2005. On December 6, 2005, the ALJ issued a decision finding that Thomas was not disabled. Thomas appealed the ALJ's decision to the Social Security Administration Appeals Council ("Appeals Council"). On August 9, 2007, the Appeals Council denied her appeal.

On October 2, 2007, Thomas filed an appeal of the Commissioner's decision with the United States District Court for the District of New Jersey. After full briefing, the District Court issued an order, dated September 17, 2008 and filed September 19, 2008, affirming the Commissioner's decision with regard to whether Thomas met Listings 111.02(A)(1) and 111.02(A)(2) but remanding the case to the Commissioner for

thereby divesting the court of jurisdiction over the action. *See Shalala v. Schaefer*, 509 U.S. 292, 299 (1993).

4

further explanation of the Commissioner's determination that Thomas did not functionally equal the listings. On November 17, 2008, Thomas appealed this order of the District Court, which is presently before this Court on review.

During the pendency of this appeal, the ALJ issued an amended decision on February 26, 2009 explaining his rationale for finding thatThomas did not functionally equal the listings. Notably, the ALJ did not give the parties an opportunity to be heard, via a hearing or through submissions, prior to rendering the amended decision. Thereafter, on March 20, 2009, the District Court filed an amended order reversing the Commissioner's decision denying Thomas benefits and remanding the case to the Commissioner for further proceedings in accordance with the opinion filed with its earlier September 17, 2008 order.

## II.

We review the District Court's remand order for abuse of discretion. *See Harman v. Apfel*, 211 F. 3d 1172, 1176, 1178 (9th Cir. 2000); *Higgins v. Apfel*, 222 F. 3d 504, 505 (8th Cir. 2000). Pursuant to this standard, we must affirm the District Court's holding unless its decision is based upon a factual error, an improper conclusion of law, or an inappropriate application of the controlling law to the facts. *See Hanover Potato Prods., Inc. v. Shalala*, 989 F. 2d 123, 127 (3d Cir. 1993).

## III.

Thomas contends that the District Court's September 17, 2008 order is in error because it contained a limited remand that merely instructed the ALJ to supply an explanation for a previously rendered decision, rather than directing that the ALJ give the parties an opportunity to be heard and fully develop the record. Thomas argues that the flaws in the District Court's direction to the ALJ are fully apparent because the ALJ simply issued, without expanding the record or accepting submissions from the parties, an amended decision adding two-paragraphs to the previously rendered analysis. Thus, the question before us is whether the District Court abused its discretion in its September 17, 2008 order when it remanded a single issue to the ALJ for clarification without directing the ALJ to fully develop the record prior to rendering an explanatory decision. We find that it did.

To be upheld by a district court, an ALJ's decision must be substantially supported by the evidence in the record. *See Fargnoli v. Halter*, 247 F. 3d 34, 38 (3d Cir. 2001); *see also Plummer v. Apfel*, 186 F. 3d 422, 427 (3d Cir. 1999)(citing *Adorno v. Shalala*, 40 F. 3d 43, 46 (3d Cir. 1994)). Substantial evidence is defined as "more than a mere scintilla;" it means "such relevant evidence as a reasonable mind might accept as adequate." *Plummer*, 186 F. 3d at 427 (internal quotations omitted). This Court requires an ALJ to set forth the reasons for his decision, *see Cotter v. Harris*, 642 F. 2d 700, 704-705 (3d Cir. 1981), because conclusory statements are "beyond meaningful judicial review." *Burnett v. Commissioner of Social*

6

*Security Administration*, 220 F. 3d 112, 119 (3d Cir. 2000)("Because we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning supporting a determination that Burnett's 'severe' impairment does not meet or is not equivalent to a listed impairment. On remand, the ALJ shall fully develop the record and explain his findings at step three . . ..")(footnote omitted). In *Jones v. Barnhart*, 364 F. 3d 501, 504 (3d Cir. 2004), this Court clarified that "the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."

Here, the District Court's remand to the Commissioner runs afoul of the essence of *Burnett* because it does not direct the ALJ to reopen and fully develop the record before rendering a ruling.[2] By not giving the Commissioner explicit instructions to fully develop the record, the District Court essentially gave the ALJ license to issue an advisory opinion, which is exactly what occurred here.[3] To be sure, the purpose of *Burnett* is not

---

[2] This does not necessarily mean the ALJ must take testimony, but at a minimum he should allow the parties to be heard via submissions.

[3] The procedural history of this case is somewhat atypical, in that both the ALJ and the District Court issued rulings while this appeal was pending. This contributed to the procedural morass that became of this case, which was compounded by the lack of

to require a formulaic process that must be adhered to on remand, but rather to ensure that the parties have an opportunity to be heard on the remanded issue and prevent *post hoc* rationalization by administrative law judges.

## IV.

Accordingly, the District Court's order dated September 17, 2008 is vacated and this matter is remanded to the District Court for further proceedings consistent with this opinion.

---

an explicit instruction from the District Court to re-open the record for further development on remand. Significantly, the District Court was compelled to issue a clarifying order on March 20, 2009 reversing the Commissioner's denial of benefits and remanding the case to the Commissioner for further proceedings consistent with its September 17, 2008 order. Though not before us on appeal, the legal import of our ruling today is that it necessarily vacates the District Court's March 20, 2009 order, inasmuch as we are vacating the September 17, 2008 order upon which it is predicated.